UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
CLEVELAND HAWKINS,

                          Petitioner,

          - against -

WILLIAM A. LAPE,

                         Respondent.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

08 Civ. 2669 (BMC)

**COGAN**, District Judge.

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. He was convicted of second degree burglary (N.Y. Penal Law § 140.25[2]) for stealing a leather jacket after smashing through inner and outer glass doors to break into a brownstone. While trying to escape, the married couple living in the residence confronted him, and an altercation ensued, during which the residents were injured. The issue at trial was not innocence, but mental capacity; all psychiatric witnesses agreed that petitioner suffers from mental illness but the evidence conflicted as to the conclusion concerning his capacity. Because he had two prior violent felony convictions, he was sentenced under N.Y. Penal Law § 70.08[3](b) to the mandatory indeterminate term of 16 years to life imprisonment. Additional facts will be set forth as relevant to the discussion of each of petitioner's claims of error.

*1. Refusal to disqualify juror.* Petitioner raised on direct appeal the claim that the trial court deprived him of due process of law by rejecting his for-cause challenge to a juror. The juror had an adult daughter who worked for the district attorney's office as a time-keeper. The juror was

thoroughly questioned as to her daughter's lack of involvement in the case or with the prosecutor, and with prosecuting attorneys generally, and on her ability to fairly deliberate notwithstanding her daughter's employment. All of her answers weighed towards a finding of impartiality. The Appellate Division, after setting the forth the results of the inquiries, held that "her removal from the jury was not warranted." People v. Hawkins, 41 A.D.3d 732, 733, 839 N.Y.S.2d 769 (2d Dep't 2007). To overcome this ruling on the merits here, petitioner must demonstrate that the Appellate Division's ruling was contrary to, or an unreasonable application to the facts of, Supreme Court authority. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 384-85, 391, 120 S.Ct. 1495 (2000).

Petitioner cited no Supreme Court authority in his state court brief, relying only on state court decisions and the state statute requiring juror impartiality, and he cites none here. Although there are no Supreme Court cases with analogous facts, and thus the "contrary to" standard is unlikely to be met here, guiding language may be found in Wainwright v. Witt, 469 U.S. 412, 423, 105 S.Ct. 844 (1985), in which the Court held that "the quest is for jurors who will conscientiously apply the law and find the facts," and that "it is the adversary seeking exclusion who must demonstrate, through questioning, that the potential juror lacks impartiality," as well as in Patton v. Yount, 467 U.S. 1025, 1036, 104 S.Ct. 2885 (1984), where the Court held that the question is simply "did [the] juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestations of impartiality have been believed." Importantly, the Wainwright Court noted that the then-effective version of § 2254(d), like its successor under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(e)(1), attached a "presumption of correctness" to the trial court's factual determination of impartiality, and held that the trial court's findings are "based upon determinations of demeanor

2

and credibility that are peculiarly within a trial judge's province." Wainwright, 469 U.S. at 428, 105 S.Ct. 844. See Rosales-Lopez v. United States, 451 U.S. 182, 188, 101 S.Ct. 1629 (1981) (in determining whether trial judge properly found juror to be impartial, a reviewing court cannot "easily second-guess the conclusions of the decision-maker who heard and observed" the juror); Ristaino v. Ross, 424 U.S. 589, 595, 96 S.Ct. 1017 (1976) ("the 'determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge.'" (quoting Rideau v. Louisiana, 373 U.S. 723, 733, 83 S.Ct. 1417 (1963) (Clark, J., dissenting))).

Applying these cases, this Court cannot find that the Appellate Division's rejection of petitioner's claim was contrary to or an unreasonable application of Supreme Court authority. The presence or absence of impartiality is almost invariably case specific. There is no *per se* rule that a juror is deemed partial if they have a family member doing clerical work in the District Attorney's office. Here, the trial court made the appropriate inquiries, and the answers gave every indication that the juror in question would be impartial. Accordingly, petitioner's claim is rejected.

*2. The Sandoval Claim.* Petitioner's defense at trial was that he lacked mental capacity to intentionally commit the crime with which he was charged. The trial court ruled that if defendant testified, his prior convictions could be used to undercut this defense. The basis of the trial court's ruling was, in part, that both sides' psychiatric experts had considered those convictions in their evaluations and so the convictions were going to come out anyway. The report of the petitioner's expert, for example, stated that "Mr. Hawkins has a history of arrests for burglaries and therefore it is not possible to rule out with certainty that his current arrest

3

stems from a planned burglary. However, it is likely that he was experiencing psychotic symptoms at the time of the alleged offense." The trial court, balancing the probative value of those convictions against their prejudicial impact, ruled that petitioner, having chosen to introduce a lack of mental capacity defense as to which both sides' experts would testify concerning his criminal history, could be impeached with his prior convictions (if he chose to testify, which he did not) as they bore on his mental state and intent in committing the charged offense.

Petitioner cannot raise a Sandoval claim in this federal habeas corpus case because he elected not to testify at trial. The Supreme Court has held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce v. United States, 469 U.S. 38, 43, 105 S.Ct. 460 (1984); accord McEachin v. Ross, 951 F. Supp. 478, 481 (S.D.N.Y. 1997) ("[A] habeas petitioner's failure to testify at trial is 'fatal to any claims arising out of a Sandoval type ruling' [because] absent such testimony, a court has no 'adequate non-speculative basis upon which to assess the merits of that claim.'" (quoting Peterson v. LeFevre, 753 F. Supp. 518, 521 (S.D.N.Y. 1991))).

*3. Claims that are procedurally barred because they could have been, but were not, raised on direct appeal.* The only claim that petitioner raised on direct appeal was the juror disqualification issue discussed above. In his *pro se* § 440.10 motion, petitioner raised a number of other claims. Some of those claims are not clearly stated in the § 440.10 motion, but they appear to be: (1) the trial court failed to "take into account" certain "relevant, mitigating evidence" relating to petitioner's psychiatric condition on the night of the robbery; (2) the prosecution failed to either disclose or introduce into evidence Brady material; (3) the Sandoval

4

issue identified above; (4) the trial court unfairly limited direct examination of his two treating psychiatric witnesses; and (5) petitioner's trial counsel was ineffective because he failed to move to strike the testimony of the prosecution's expert psychiatric witness.

Although the presence of a procedural bar is a threshold inquiry, the first two of these points are not comprehensible and must therefore be disposed of for lack of merit, as the state courts did. Included among these is petitioner's Brady challenge simply because he did not present to the state courts, and does not present here, the material to which he is referring. Instead, he referred to three pages in the trial transcript, which have no discernable connection to documents or information that relate to Brady. No court can determine whether a Brady violation occurred without seeing the documents or information that a petitioner contends should have been, but were not, produced to him. (It may be that petitioner mistakenly believes that Brady required the prosecution to find exculpatory evidence whether it exists or not.)

Similarly, the trial court's failure to "take into account" certain psychiatric evidence fails because petitioner does not provide the evidence that he contends should have been taken into account (assuming that "taking into account" means admitting into evidence at trial). He refers to a diagnosis of a Dr. Saha, but he cites to transcript pages that do not discuss the admissibility of that evidence. I can find no point in the transcript in which the trial court sustained an objection to a proffer of such evidence, and thus there is no point of error to review.

The remaining three claims are doubly procedurally barred (putting aside that the Sandoval claim is not cognizable on federal habeas corpus, as discussed above). First, petitioner never sought leave to appeal the Supreme Court's denial of his § 440.10 motion. This makes these claims technically unexhausted. However, because petitioner's time to appeal has expired, they are deemed exhausted but procedurally barred. See Rodriguez v. Ercole, No. 08 Civ. 2074,

5

2008 WL 4701043, at *3 (S.D.N.Y. Oct. 24, 2008) ("Since the petitioner can no longer move timely for permission to appeal from the denial of his CPL § 440.10 motion, his . . . claim is procedurally barred, and is deemed exhausted." (citation omitted)).

Second, the § 440.10 court held that these claims appeared in the trial record and were thus procedurally barred. I can find nothing exorbitant in that ruling. The Sandoval ruling in a pre-trial hearing, the sustaining of objections to the scope of testimony of petitioner's psychiatric witnesses, and his trial counsel's failure to move to strike the testimony of the prosecution's witness were all obviously on the record and petitioner has pointed to no impediment to raising them on appeal. See Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) ("New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal." (citing N.Y. Crim. Proc. Law § 440.10(2)(c))).[1]

Because there is an adequate and independent finding by the § 440.10 court that petitioner procedurally defaulted on these claims, petitioner must demonstrate either actual innocence or cause for the default and actual prejudice. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Petitioner has never claimed innocence, and he has made no showing of any reason why these claims could not have been raised on direct appeal, other than his claim of ineffective assistance of appellate counsel, which is examined and rejected below.

Accordingly, all of petitioner's trial and trial counsel error claims (other than the juror disqualification issue discussed above) are procedurally barred.

---

[1] As to the last of these claims, while there are some ineffective assistance claims where it may arguable that they had to be raised in collateral proceedings because the record was incomplete, this is not one of them. See Alston v. Donnelly, 461 F. Supp. 2d 112, 124 (W.D.N.Y. 2006) (holding that "where an ineffective assistance of counsel claim is record-based, C.P.L. § 440.10(2)(c) constitutes a procedural rule that is 'firmly established and regularly followed' and thus 'adequate.'" (citations omitted)).

*4. Ineffective assistance of appellate counsel.*

Concurrently with filing this habeas corpus proceeding, petitioner filed a petition for a writ of coram nobis in state court, raising the same claims he raises here. That coram nobis petition has been denied, and petitioner never sought leave to appeal to the Court of Appeals. Like his failure to seek leave to appeal from the Appellate Division's denial of his § 440.10 motion, this means that the claims he raised in his coram nobis petition are unexhausted, but because his time to appeal has expired, those claims are deemed exhausted but procedurally barred. See Castro v. Fisher, No. 04 Civ. 346, 2004 WL 2525876, at *8 (S.D.N.Y. Nov. 8, 2004). Once again, petitioner has shown no cause for the default and no actual prejudice.

Even if this Court were to review the Appellate Division's rejection of his coram nobis petition on the merits, the Appellate Division's decision was neither contrary to, nor an unreasonable application to the facts of, Supreme Court authority. See Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006).

To prevail on a claim for ineffective assistance of appellate counsel, a petitioner must satisfy two factors. First, he must show that appellate counsel's performance fell below an objective standard of professional reasonableness. Second, he must show prejudice, that is, he must show that but for appellate counsel's errors, he would have received a more favorable disposition. Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746 (2000); Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984). When challenging the effectiveness of appellate counsel, a petitioner must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994). A petitioner must show more than counsel's failure to raise a non-

frivolous argument, as counsel is required to use professional judgment when deciding to concentrate on a few key issues while eliminating weaker arguments, and is not required to advance every argument, regardless of merit, urged by the petitioner. Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830 (1985); Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308 (1983). Moreover, like any ineffective assistance of counsel inquiry, there is a strong presumption that the challenged decision not to include particular arguments on an appeal was sound strategy.

*A. Limitation on Petitioner's Psychiatric Witness Testimony.* Prior to trial, petitioner had given the prosecution notice that he intended to call a forensic psychologist, who he identified, to testify as to petitioner's mental capacity. That witness was in fact called and did testify. However, one day before the trial, defense counsel further advised that he intended to call two treating psychiatric witnesses to give similar testimony. The trial court ruled that because these two additional witnesses had never examined petitioner at the time of or after the crime (although they had examined him shortly before he committed it), and because they had no forensic credentials, and because petitioner failed to give timely notice that he intended to call them (N.Y. Crim. Proc. Law § 250.10 required 30 days' notice, not one day's notice), they would be allowed to testify as to their diagnosis and treatment of petitioner, but not to opine as to the legal issue of whether he had capacity to intentionally commit the crime. They both appeared and testified that petitioner was psychotic and/or schizophrenic at the time they examined him, the most recent examination having been three days prior to the offense.

The decision to so limit their testimony was within the trial court's discretion considering the lack of notice, credentials, and cumulative nature of the proffered testimony. Appellate counsel's decision that this issue was not sufficiently viable on appeal was well within his

8

discretion, and the Appellate Division's decision to that effect was not contrary to or inconsistent with any Supreme Court authority.

*B. Failure to Move to Strike the Prosecution's Psychiatric Expert.* The prosecution's psychiatric expert contradicted his own reports concerning his diagnosis of petitioner. Petitioner's trial counsel thoroughly cross-examined the expert on these inconsistencies; petitioner contends he should have moved to strike the testimony. Appellate counsel chose not to raise that ineffective assistance claim on appeal.

Based on my review of the record, it is highly unlikely that such a motion would have been granted. The issue clearly went to weight, not admissibility. Petitioner can neither show prejudice from his trial counsel's decision, nor from his appellate counsel's decision not to raise it. The Appellate Division decision to that effect was not objectively unreasonable.

## CONCLUSION

The petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
March 30, 2009

9